## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

In Re:                                                            :    Case No. 14-57889

Eric A. Fry                                                       :

Margaret L. Fry                                                   :    Chapter 13

                                                              :    Judge Caldwell

## MOTION TO MODIFY CHAPTER 13 PLAN

Now come the Debtors, Eric and Margaret Fry, by and through Counsel, who respectfully requests the Court to issue an order modifying their Chapter 13 Plan to provide that the Chapter 13 Plan Payments be reduced to $2,800.00 per month beginning August 2015 through March 2018, then in April 2018, the plan payments would increase to $3,055.00 per month for 13 months; then in May 2019, the plan payments would increase to $3,465.00 per month until the completion of the plan. The Debtors would continue to contribute $9,000.00 each April from annual bonuses. The total pot amount paid into the plan will now be $225,139.29 with at least 19% being paid to unsecured creditors. A memorandum in support follows.

Respectfully,

/s/ James E. Nobile
James E. Nobile (0059705)
**Nobile & Thompson Co., L.P.A.**
4786 Cemetery Road
Hilliard, Ohio 43026
614-529-8600
614-529-8656 Fax
jenobile@ntlegal.com

## MEMORANDUM IN SUPPORT OF MOTION

The Debtors' Chapter 13 Plan was confirmed by Court Order entered on June 22, 2015. There have been no previous modifications filed.

The Debtors are expecting their third child and are currently experiencing increased medical expenses due to the pregnancy. In addition, they anticipate higher living expenses after the baby is born. The Debtors believe this modification of their plan payments will better enable them to maintain both the monthly plan payments and monthly living expenses. *See attached Schedules I & J.*

This is a confirmed pot plan. A total of $35,569.29 has already been paid into the plan through August 4, 2015. The payments above will provide a total of $189,570.00. This amount in addition to the amount previously paid will result in a total amount of $225,139.29 paid into the plan with at least 19% being paid to unsecured creditors.

Secured creditors will be paid as follows:

1. Penny MAC will continue to be paid through the plan for the conduit mortgage per the filed Proof of Claim and any subsequent Notice of Payment Changes appropriately filed with the Court;

2. Wells Fargo Dealer Services for the 2011 Honda Pilot shall be paid $340.00 per month plus $4,270.00 each April from the annual bonus until paid in full;

3. Wells Fargo Dealer Services for the 2012 Honda Crosstour shall be paid $395.00 per month plus $4,270.00 each April from the annual bonus until paid in full.

Notwithstanding the proposed dividend to unsecured creditors the debtor shall make plan payments as required by 11 USC §1325 for the applicable commitment period of 60 months and

the Chapter 13 Trustee is authorized to administratively adjust the proposed dividend to unsecured creditors accordingly.

WHEREFORE, the Debtor respectfully requests the Court to issue an order modifying her plan to provide that the Chapter 13 Plan Payments be reduced to $2,800.00 per month beginning August 2015 through March 2018, then in April 2018, the plan payments would increase to $3,055.00 per month for 13 months; then in May 2019, the plan payments would increase to $3,465.00 per month until the completion of the plan. The Debtors would continue to contribute $9,000.00 each April from annual bonuses. The total pot amount paid into the plan will now be $225,139.29 with at least 19% being paid to unsecured creditors.

Respectfully,

/s/ James E. Nobile
James E. Nobile (0059705)
**Nobile & Thompson Co., L.P.A.**
4876 Cemetery Road
Hilliard, Ohio 43026
614-529-8600
614-529-8656 Fax
jenobile@ntlegal.com

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the Motion to Modify Chapter 13 Plan and the attached Form 20A were sent by Electronic Notification to The Chapter 13 Trustee, The Office of the U.S. Trustee, D. Anthony Sottile, Susan Jill Rice and Theodore A. Konstantinopoulos, and by regular U.S. mail, postage pre-paid, on the 18th day of August, 2015 upon:

Eric & Margaret Fry
262 Blue Jacket Circle
Pickerington OH 43147

All parties on the attached matrix

                                                            /s/ James E. Nobile
                                                            James E. Nobile (0059705)
                                                            **Nobile & Thompson Co., L.P.A.**

# Form 20A NOTICE OF MOTION

      The Debtor(s) has/have filed papers with this Court requesting the relief sought in the Motion enclosed with this NOTICE.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the Court to GRANT the relief requested in the enclosed MOTION, or if you want the Court to consider your views on the MOTION, then on or before **21 DAYS FROM THE DATE SET FORTH IN THE CERTIFICATE OF SERVICE OF THIS MOTION**, you or your attorney must:

1. File with the Court, a written response to the MOTION expressing your objection or viewpoint. The response is to be filed with the Clerk of Courts at <u>170 N. High St. Columbus, Ohio 43215.</u>

    If you mail your written response to the Court for filing by the Clerk, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. You must also mail a copy of the written response to the Debtor(s) at the address listed on the front of this paper entitled Certificate of Service.

3. You must also mail a copy of the written response to **Nobile & Thompson Co., L.P.A., 4876 Cemetery Road, Hilliard, OH 43026.**

4. Finally, you must attend any Court hearing scheduled to consider this MOTION. The Court will likely schedule an oral hearing and serve only those parties who have in fact filed a written response.

      If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the MOTION and may enter an order granting that relief.